UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> CURTIS HEDLUND CORPORATION, d/b/a BOSS AIR MECHANICAL, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 1:23-cv-00893 MSN/IDD ) ) ) ) ) ) ) ) ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund's ("NPF" or "Plaintiff Fund"), Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) ("Motion") against Defendants Curtis Hedlund Corporation, doing business as Boss Air Mechanical ("Boss Air Mechanical"), and Boss Air Aviation, LLC ("Boss Air Aviation") (collectively, "Defendants"). Dkt. No. 8. Plaintiff filed a Notice of Voluntary Dismissal as to the third Defendant, Boss Air, LLC, on August 24, 2023, which was granted on August 29, 2023. Dkt. Nos. 7, 11. After the remaining Defendants failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Count I of the Complaint.

1

## I. INTRODUCTION

On July 1, 2022, Plaintiff filed this action under Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. Compl. ¶ 1. ERISA allows parties to enforce provisions of collective bargaining agreements. In its Complaint, Plaintiff seeks monetary judgment against Defendants awarding delinquent withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this case arises under a federal law, ERISA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendants, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen of the United States would have difficulty showing such extreme inconvenience or

unfairness. *Id*. Here, the Plaintiff Fund is administered in Falls Church, Virginia, Compl. ¶ 5, which is within the Eastern District of Virginia and, as discussed below, Defendants were properly served with process. Because Boss Air Mechanical is incorporated under California law and has its principal place of business in California, Compl. ¶ 7, and Boss Air Aviation is incorporated under California law and has its principal place of business in New Jersey, Compl. ¶ 8, it would be "highly unusual" for Defendants to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendants.

Finally, venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as the Plaintiff Fund is administered in this district, and its principal place of business is in Falls Church, Virginia. *See* Compl. ¶ 5. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). On July 11, 2023, Plaintiff Fund, through a process server, served Boss Air Aviation and Boss Air Mechanical by delivering a true and correct copy of the Summons and Complaint to Katie Hedland, who is designated by law to accept service on behalf of both Defendants. Dkt. No. 4. Therefore, Plaintiff Fund properly served Defendants, pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d)

3

and Rule 4(h)(1)(B).

### C. Grounds for Default Judgment

Plaintiff Fund filed its Complaint on July 10, 2023. Dkt. No. 1. Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On August 16, 2023, Plaintiff Fund filed a Request for Entry of Default with the Clerk. Dkt. No. 5. On August 17, 2023, the Clerk entered default against Defendants. Dkt. No. 6. On August 24, 2023, Plaintiff Fund filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on September 15, 2023. Dkt. Nos. 10, 12. After the Defendants failed to respond to the Complaint and the Motion for Default Judgment, appear at the hearing, or otherwise defend this matter, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 12.

### II.      EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the

court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Plaintiff Fund is a trustee of multi-employer employee benefit plans administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia. Compl. ¶ 5. Boss Air Mechanical is a California corporation with its principal place of business in San Dimas, California. *Id.* ¶ 7. Boss Air Aviation is a California Corporation with its principal place of business in Franklin, New Jersey. *Id.* ¶ 8. Defendants are both "employer[s] in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). Compl. ¶¶ 7-8.

Boss Air Mechanical was a signatory to the collective bargaining agreement ("CBA" or "Agreement") with Local Union No. 105 ("Local 105" or the "Union") and was obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs for all hours worked or paid on behalf of Boss Air Mechanical's covered employees and to abide by the terms and conditions of the Trust Agreement Establishing the Fund. *Id.* ¶¶ 11-12.

As a preliminary matter, the undersigned concludes that Boss Air Aviation is in the same controlled group as Boss Air Mechanical, and therefore, both Defendants are jointly and severally liable for Boss Air Mechanical's withdrawal liability. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), "all employees of trades or businesses . . . which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." Those trades and businesses under common control is also know as a "controlled group." The Internal Revenue Code provides the criteria for different types of controlled group structures. *See* I.R.C. § 1563(a). Plaintiff Fund alleges that Defendants are a brother-sister controlled group. Compl. ¶ 27-28. A brother-sister controlled group consists of two or more entities with the same five or fewer common owners who own a controlling interest in each organization and are in effective control of each organization. 26 C.F.R. § 1.414(c)-2(c); *see* I.R.C. § 1563(a). A controlling interest requires ownership of at least 80 percent of the total value or voting power of all classes of stock for a corporation. 26 C.F.R. § 1.414(c)-2(b)(2). Owners possessing at least 50 percent of the total value or voting power of all classes of stock are in effective control of each organization to the extent such ownership is identical with respect to each organization. 26 C.F.R. § 1.414(c)-2(c).

In the present case, the undersigned finds that Boss Air Aviation and Boss Air Mechanical are a brother-sister controlled group. In that regard, Carl Hedlund and Keith Hedlund each own 50 percent of both Boss Air Aviation and Boss Air Mechanical. Compl. ¶ 28. Because fewer than five common owners own more than 80 percent of the stock of Boss Air Aviation and Boss Air Mechanical, the same owners have both a controlling interest and effective control of each of the Defendant organizations. Therefore, Boss Air Aviation and Boss Air Mechanical are a brother-sister controlled group. *See* 26 C.F.R. § 1.414(c)-2(b)(2), (c); I.R.C. § 1563(a). Accordingly, pursuant to 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), the undersigned recommends Defendants be held jointly and severally liable for the withdrawal liability owed to Plaintiff.

In or around July 1, 2021, Plaintiff determined that Boss Air Mechanical had affected a complete withdrawal from the NPF. *Id.* ¶ 13. Plaintiff sent Boss Air Mechanical a notice of withdrawal on May 6, 2022, notifying Boss Air Mechanical and "all other trades or businesses under common control" that they owed $32,679.00 in withdrawal liability to Plaintiff because of Boss Air Mechanical's withdrawal. *Id.* ¶ 14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), the NPF informed Defendants that liability would be due on an amortized payment schedule of eight payments, with the first payment due on July 1, 2022, and the final payment due on April 1 2024. Compl. ¶ 14. On July 27, 2022, Boss Air Mechanical, through counsel, timely requested review of the amount of liability and payment schedule, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). Compl. ¶ 15. Despite requesting review, Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), still required the first payment to be due on July 1, 2022. Compl. ¶ 16. Boss Air Mechanical failed to make this or any other payments in accord with the payment schedule or otherwise toward withdrawal liability. Compl. ¶¶ 16, 19; Br. in Supp. of Pls.' Mot. for Default J. at 5. Plaintiff Fund now seeks the unpaid withdrawal liability in the amount of $32,679.00 as well as interest, liquidated damages, and reasonable attorneys' fees and costs due to it under the Trust Agreement establishing the Plaintiff Fund. Compl. ¶ 12; Mot. for Default J.

### A. Count I – Withdrawal Liability

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multi-employer employee benefit plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5), provides that a party is in default if it has not cured its failure to make a required payment within 60 days of receiving written notification of its delinquency. Upon default, "a plan sponsor may require immediate payment of the

outstanding amount of an employer's withdrawal liability, plus any accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

Plaintiff Fund first notified Defendants of their outstanding withdrawal liability on May 6, 2023, with the first payment due on July 1, 2023. Compl. ¶ 14. Though Defendants, through counsel, timely requested review of the assessed withdrawal liability, they were still required to make the first payment on July 1, 2022. Compl. ¶ 15; *see* 29 U.S.C. § 1401(a)(1). On July 19, 2022, Plaintiff Fund notified Defendants by letter of its failure to make the first payment. Compl. ¶ 17. Since then, Defendants have not cured the failure to pay the first payment, nor have they otherwise made any payments toward the outstanding withdrawal liability. Compl. ¶ 19; Br. in Supp. of Pls.' Mot. for Default J. at 5. Accordingly, the undersigned concludes that the Defendants are in default. Therefore, pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), Defendants are liable for the full principal withdrawal liability in the amount of $32,679.00. Compl. ¶ 14; Br. in Supp. of Pls.' Mot. for Default J. at 9; Elkins Santi Decl ¶¶ 12, 19.

Section 4301(b) of ERISA, 29 U.S.C. § 1451(b) provides that in an action to compel an employer to pay withdrawal liability, "any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution," pursuant to Section 515 of ERISA, 29 U.S.C. § 1145. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages provided for under the plan, not to exceed 20 percent of the unpaid contributions, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2).

The Trust Document establishing the Plaintiff Fund provides that in the event of default, interest at a compounded daily rate of 0.0205%, shall be charged on the amount in default, including accrued interest, from the date the payment was due until the date it is paid. Compl. ¶ 22; Elkins Santi Decl. ¶ 21. The Trust Document also provides that in the event of default the employer is liable to Plaintiff for liquidated damages in the greater amount of either (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability. Compl. ¶ 23; Elkins Santi Decl. ¶ 22. Plaintiff Fund filed a declaration in support of its motion, reflecting that Defendants owe withdrawal liability in the amount of $32,679.00, $2,598.51 in interest (as of September 15, 2023), and $6,535.80 in liquidated damages on unpaid contributions. Elkins Santi Decl. ¶¶ 12, 19-22. Therefore, the undersigned Magistrate Judge finds that the following delinquent contributions, liquidated damages, and interest are reasonable:

| *Plaintiffs* | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 9/15/2023)* | *Total* |
|---|---|---|---|---|
| Funds | $32,679.00 | $6,535.80 | $2,598.51 | $41,813.31 |

### B. Attorneys' Fees and Costs

Finally, Plaintiffs seek $5,569.50 in attorneys' fees and costs. Br. in Supp. of Pls.' Mot. for Default J. at 12. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect the reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiff Fund provided a declaration from their attorney and a detailed billing statement in support of their request for attorneys' fees and costs. Dkt. No. 9-2. In those documents, Plaintiff Fund claims $779.50 in costs and $4,790.00 in attorneys' fees, based on 23.6 hours of expended counsel

9

time at a pre-litigation rate of $250.00 per hour for partners, a litigation rate of $275.00 per hour for partners, a pre-litigation rate of $140.00 per hour for paralegals, and a litigation rate of $150.00 per hour for paralegals. *Id.* ¶¶ 6-7. Time spent by counsel includes researching legal theories, drafting and filing the complaint, arranging for service of process, drafting and filing clerk's entry of default, and drafting the motion for default judgment and supporting documents. *Id.* The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiff Fund's request for attorneys' fees and costs to be reasonable and recommends an award of $5,569.50.

## IV.     RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Board of Trustees Sheet Metal Workers' National Pension Fund. In sum, Plaintiff Fund is entitled to damages in the total amount of $41,813.31 and attorneys' fees and costs in the amount of $5,569.50, for a total of $47,382.81.

## V.     NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

        /s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

November 9, 2023
Alexandria, Virginia